UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANTOINE SKINNER, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:19-CV-651-PPS-MGG |
| MORISSON, et al., | |
| Defendants. | |

OPINION AND ORDER

Plaintiff Antoine Skinner is a prisoner at the Miami Correctional Facility. He filed a pro se complaint. "A document filed *pro se* is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, because Mr. Skinner is incarcerated, pursuant to 28 U.S.C. § 1915A, the Court must review the complaint and dismiss it if the action "is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Id*.

Mr. Skinner begins his complaint alleging that "they act with deliberate indifference to a prisoner living conditions . . . in depri[ving] a prisoner of basic human need, exercise, sanitation, telephone, pen, paper, etc., etc." (ECF 2 at 6.) He doesn't say any more than that and doesn't explain whom he means by "they." As such, this allegation doesn't state an Eighth Amendment claim which requires both an objective

showing that a prisoner was denied minimal civilized measures of life's necessities and the subjective showing that the prison officials had a culpable state of mind. *See Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996).

Next, Mr. Skinner alleges that he told Sgt. Aldridge and Counselor Sterling that he saw Officer Groce having sex with an inmate, and, since then, Officer Groce, Counselor Sampson, Counselor Snow, and Counselor Sterling, as well as two offenders, conspired against him to bring false charges and remove him from the Plus Program. Aside from this generic accusation of conspiracy, he says nothing else about either Counselor Sampson or Counselor Sterling. Instead, he focuses on Counselor Snow and Officer Groce. According to him, Counselor Snow falsified his Plus Program performance review, causing his removal from the program. As for Officer Groce, he says she accused him—in concert with Counselor Snow—of threatening her for which he was placed in segregation.

These allegations state First Amendment retaliation claims against Counselor Snow and Officer Groce. "To prevail on a First Amendment retaliation claim, [a plaintiff] must ultimately show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor in the Defendants' decision to take the retaliatory action." *See Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citation omitted). Mr. Skinner has alleged that he reported a guard's alleged misconduct which resulted in him being removed from the Plus Program and placed in segregation. The Plus Program confers a significant benefit

2

to inmates because their incarceration time gets reduced if they successfully complete the program. Being removed from the Plus Program for reporting a guard's misconduct, and being placed in segregation on top of that, would likely deter further reports. However, the complaint doesn't state a claim against either Counselor Sampson or Counselor Sterling because it's not plausible to infer from the complaint that the two of them had anything to do with Mr. Skinner's removal from the Plus Program or his placement in segregation.

Continuing with the complaint, Mr. Skinner alleges that Cpt. Morrison placed him in segregation without a disciplinary hearing, in violation of the Fourteenth Amendment. The Fourteenth Amendment due process is only required when punishment extends the duration of confinement or imposes an "atypical and significant hardship on him in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). A short-term placement in segregation (Mr. Skinner was in segregation for eight days) is not an atypical and significant hardship. *See Hardaway v. Meyerhoff*, 734 F.3d 740, 744 (7th Cir. 2013) ("In *Marion*, this court noted that 'six months of segregation is not such an extreme term and, standing alone, would not trigger due process rights.' 559 F.3d at 698 (*quoting Whitford v. Boglino*, 63 F.3d 527, 533 (7th Cir. 1995)) (internal quotations omitted)." Therefore, the complaint does not state a Fourteenth Amendment claim.

However, Mr. Skinner has sufficiently alleged that Cpt. Morrison was deliberately indifferent to his safety when, in placing him in segregation, he put him with an inmate known to have mental illness and a history of violence against the

3

guards and fellow inmates. The new cell was strewn with feces. According to Mr. Skinner, just a couple days later, the cellmate attacked him, cutting his face and clothing with a blade attached to a toothbrush, and held him hostage for hours. Mr. Skinner pleaded for help with Sgt. Rinsler but he refused to intervene. Later that day, he was told by Sgt. Gonzalez that Cpt. Morrison ordered him and Sgt. Rinsler to do nothing about Mr. Skinner until the evening. At 11 p.m., Mr. Skinner was able to convince another guard that he was in danger, and he was taken to the infirmary for treatment. These allegations state an Eight Amendment claim against Sgt. Gonzalez, Sgt. Rinsler, and Cpt. Morrison.

Next, Mr. Skinner complains of Grievance Officer Morson who, according to him, didn't properly deal with his grievances. But such claims are doomed to fail. While prisons have a duty to protect inmates in their care, "the Constitution does not require officials to investigate or otherwise correct wrongdoing after it has happened." *Watson v. Dodd*, No. 16-CV-1217-NJR, 2017 WL 120951, at *6 (S.D. Ill. Jan. 12, 2017) (citing *Whitlock v. Brueggemann*, 682 F.3d 567, 588-89 (7th Cir. 2012); *see also Lee v. Kennedy*, No. 19-CV-1277, 2019 WL 5196372, at *1 (C.D. Ill. Oct. 15, 2019) ("Further, Plaintiff does not have a freestanding constitutional right to the investigation into another's alleged wrongful activity.") (citing *Rossi v. City of Chicago*, 790 F.3d 729, 735 (7th Cir. 2015)). Moreover, "[p]rison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of [plaintiff's] grievances by persons who otherwise did

4

not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).

Mr. Skinner also claims that various defendants discriminated against him on the basis of his race. In fact, he has a section in the complaint named "Racial Discriminating and Discriminating." However, this section lays no basis for racial discrimination claims; instead, Mr. Skinner merely repeats his allegations that he was punished for reporting Officer Groce after he saw her having sex with an inmate.

Finally, Mr. Skinner named Warden Hyatte as a defendant, but doesn't allege that he did anything wrong. In fact, he doesn't even mention him in the body of the complaint. Mr. Skinner cannot maintain a § 1983 lawsuit against the Warden under a theory of *respondeat superior*. Rather, he must allege his own actionable wrongdoings. There is no general respondeat superior liability under 42 U.S.C. § 1983. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009).

For these reasons, the Court:

(1) GRANTS Antoine Skinner leave to proceed on claims for money damages against:

> a. Counselor Snow, in her individual capacity, for allegedly violating his rights under the First Amendment by retaliating against him when she falsely reviewed his performance, causing his removal from the Plus Program;

      b. Officer Groce, in her individual capacity, for allegedly violating his rights under the First Amendment by retaliating against him when she accused him of threatening her and thus causing his removal from the Plus Program and placement in segregation;

      c. Cpt. Morrison, in his individual capacity, for allegedly violating his rights under the Eighth Amendment by placing him in a cell with an inmate known to be violent to other offenders and ordering the guards to ignore Mr. Skinner's pleas for help when he was attacked by that inmate;

      d. Sgt. Gonzalez and Sgt. Rinsler, in their individual capacities, for allegedly violating his rights under the Eighth Amendment by ignoring Mr. Skinner's pleas for help when he was being attacked and held hostage by his cellmate;

(2) DISMISSES defendants Morson, Superintendent Hyatte, Counselor Sampson, and Counselor Sterling;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary the United States Marshals Service to serve process on) Counselor Snow, Officer Groce, Cpt. Morrison, Sgt. Gonzalez, and Sgt. Rinsler with a copy of this order and the complaint (ECF 2), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number, last

employment date, work location, and last known home address of any defendant who does not waive service, if it has such information;

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Counselor Snow, Officer Groce, Cpt. Morrison, Sgt. Gonzalez, and Sgt. Rinsler to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Mr. Skinner has been granted leave to proceed in this screening order; and

(7) DENIES AS MOOT the three Motions to Clarify (ECF 9, 10, 11).

SO ORDERED.

ENTERED: August 14, 2020.

      /s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT