UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANTOINE SKINNER,

    Plaintiff,

    v.

MORISSON, *et al.*,

    Defendants.

CAUSE NO. 3:19-CV-651-PPS-MGG

OPINION AND ORDER

Antoine Skinner, a prisoner without a lawyer, is proceeding in this case on four claims against five defendants. Against "Counselor Snow, in her individual capacity, for allegedly violating his rights under the First Amendment by retaliating against him when she falsely reviewed his performance, causing his removal from the Plus Program . . .." ECF 12 at 5. Against "Officer Groce[1], in her individual capacity, for allegedly violating his rights under the First Amendment by retaliating against him when she accused him of threatening her and thus causing his removal from the Plus Program and placement in segregation . . .." *Id.* at 6. Against Cpt. Morisson[2] "in his individual capacity, for allegedly violating his rights under the Eighth Amendment by placing him in a cell with an inmate known to be violent to other offenders and

---

[1] Defendants indicate this defendant is incorrectly captioned as "Groce." Her last name is Gross. ECF 28 at 1.

[2] Defendants indicate this defendant is incorrectly captioned as "Morisson." His name is Morson. ECF 28 at 1.

ordering the guards to ignore Mr. Skinner's pleas for help when he was attacked by that inmate . . .." *Id.* And against "Sgt. Gonzalez and Sgt. Rinsler[3], in their individual capacities, for allegedly violating his rights under the Eighth Amendment by ignoring Mr. Skinner's pleas for help when he was being attacked and held hostage by his cellmate . . .." *Id.* On November 23, 2020, the defendants filed a summary judgment motion arguing that Mr. Skinner did not exhaust his administrative remedies before filing suit. ECF 27. With the motion, the defendants provided Mr. Skinner the notice required by N.D. Ind. L.R. 56-1(f). ECF 29. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b)(1), "[a] party opposing [a summary judgment] motion must, within 28 days after the movant serves the motion, file and serve (A) a response brief; and (B) any materials that the party contends raise a genuine dispute." This deadline passed over five months ago, but Mr. Skinner has not responded. Therefore the court will now rule on the motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable

---

[3] Defendants indicate this defendant is incorrectly captioned as "Rinsler." His last name is Rentschler. ECF 28 at 1.

to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence [he] contends will prove [his] case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009). Summary judgment "is the put up or shut up moment in a lawsuit . . .." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008) (citation omitted).

"If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion . . .." Fed. R. Civ. P. 56(e). Because Mr. Skinner has not responded to the defendants' summary judgment motion, he has not properly addressed their assertions of fact and the court accepts these facts as undisputed:

> 1. Plaintiff, Antoine Skinner, IDOC number 946727, is incarcerated at Miami Correctional Facility. (Ex. A, ¶ 8.)
> 2. Plaintiff brings a First Amendment retaliation claim as against Defendants Snow and Gross. Plaintiff also brings an Eighth Amendment deliberate indifference claim as against Defendants Morson, Rentschler, and Gonzalez. (ECF 12 at 5-6.)
> 3. Plaintiff alleges that at sometime in November 2018, the following acts occurred: 1) Counsellor Snow falsely reviewed Plaintiff's performance, causing his removal from the Plus Program; 2) Officer Gross retaliated against Plaintiff when she accused him of threatening her and thus caused his removal from the Plus Program and placement in segregation; 3) Captain Morson placed him in a cell with an inmate known to be violent to other offenders and ordered the guards to ignore Plaintiff's pleas for help when he was attacked by that inmate; and, 4) Ms. Gonzalez and Mr. Rentschler were deliberately indifferent to Plaintiff

3

when they ignored his pleas for help while he was being attacked and held hostage by his cellmate. (ECF 2; ECF 12 at 5-6.)

4. An offender grievance program is in place at Indiana State Prison. (Ex. A, ¶ 5.) The grievance program is intended to promote prompt and effective resolution of a broad range of issues or complaints offenders may have. (Ex. A, ¶ 6.)

5. The grievance procedure which was in place for the relevant time period is the Offender Grievance Process, Policy and Administrative Procedure 00-02-301, effective October 1, 2017 ("Grievance Process"). (Ex. A, ¶¶ 9-10; Ex. B at 1.)

6. The Grievance Process is made freely and openly available to Plaintiff at Indiana State Prison's law library, and information about the process is made known to all offenders. (Ex. A ¶¶ 20-22.)

7. The Grievance Process begins with the informal resolution process. (Ex. A ¶¶ 11-14; Ex. B at 8-9.) The offender must attempt to resolve his complaint informally by contacting an appropriate staff member prior to submitting a formal grievance. *Id.*

8. Upon completing the informal stage, the offender is next required to progress through the formal levels. The formal Grievance Process consists of three steps, in the following order:

   a) A formal attempt to solve a problem or concern following unsuccessful attempts at informal resolution;
   b) A written appeal to the Warden/designee; and
   c) A written appeal to the Department Grievance Manager. (Ex. A ¶¶ 12-18; Ex. B at 9-13.)

9. The successful exhaustion of the Grievance Process requires an offender to timely complete each step or level of the Offender Grievance Process. (Ex. A, ¶ 13.) An offender must use the proper grievance form within the timeframe outlined in the Offender Grievance Process. *Id.*

10. An attempt at informal resolution followed by the submission of a formal offender grievance, an appeal of that formal grievance to the Warden/designee, and a written appeal to the Department Grievance Manager are each necessary steps that must be completed before the grievance process is exhausted. (Ex. A, ¶ 14.)

11. Grievable issues include, but are not limited to, staff treatment, actions of individual staff, and any other concerns relating to conditions of care or supervision. (Ex. A, ¶ 19.)

12. IDOC keeps records on every formal grievance and formal appeal initiated by an offender, in addition to any informal grievance(s) which an offender attaches with his formal attempt(s). (Ex. A, ¶ 24.)

13. IDOC's institutional records for Plaintiff show that he attempted to submit formal grievances regarding the alleged conduct on November 16, 2018, November 19, 2018, and November 21, 2018, but that all were returned on

November 26, 2018, for failure to include evidence of attempts at informal resolution. (Ex. A, ¶¶ 27-28.)

14. The Grievance Process provides that an "offender is required to attempt to resolve a complaint informally and provide evidence of the attempt." (Ex. A, ¶ 11; Ex. B at 8-9.)

15. IDOC's institutional records for Plaintiff also show that he attempted to submit a second wave of formal grievances on April 5, 2019. These attempts were all received on April 10, 2019[,] and were returned the same day for untimeliness, specifically because the pink slips submitted with them stated that the alleged conduct occurred "back in 2018 (November)". (Ex. A, ¶¶ 29-30.)

16. The Grievance Process provides that an "offender wanting to submit a grievance on an issue that he/she has been unable to resolve informally must complete State Form 45471, "Offender Grievance," no later than ten business days from the date of the incident giving rise to the complaint." (Ex. A, ¶ 15; Ex. B at 9.)

17. There is no institutional record of any further attempts by Plaintiff related to the alleged conduct. (Ex. A, ¶¶ 31-33.)

18. Accordingly, Plaintiff's Grievance History does not show any logged grievances for Plaintiff in association with his allegations of retaliation and deliberate indifference. (Ex. A, ¶¶ 26, 32; Ex. C.)

ECF 28 at 3-6 (brackets in original).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "[t]o exhaust remedies, a prisoner must file

5

complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

Here, the undisputed facts show that Mr. Skinner's first attempt at a formal grievance did not comply with the rule to include attempts at informal resolution, and his second attempt at a formal grievance was untimely. As a result, Mr. Skinner did not exhaust the available administrative remedies before he filed this lawsuit. Summary judgment must be granted.

For these reasons, the Court:

(1) GRANTS the summary judgment motion (ECF 27);

(2) DISMISSES this case WITHOUT PREJUDICE; and

(3) DIRECTS the clerk to enter judgment in favor of the defendants and against Antoine Skinner.

SO ORDERED.

ENTERED: June 24, 2021.

                                                   /s/   Philip P. Simon
                                                PHILIP P. SIMON, JUDGE
                                                UNITED STATES DISTRICT COURT